OPINION and JOURNAL ENTRY
Pro-se Petitioner filed a complaint in habeas corpus on December 8, 1999 asserting unlawful restraint by reason of an excessive bail and conditioning the lowering of bail upon Petitioner signing a waiver of speedy trial.
On January 6, 2000 Repondents filed a Motion to Dismiss. Incorporated in the memorandum is information that on January 5, 2000 in Common Pleas Case No. 99CR559 the court reinstated a bond of $5,000 with 10% allowed. As Petitioner had previously posted the modified bond amount he was released from custody.
In response, Petitioner contends that the real issue is whether he was held beyond 90 days based on a bail revocation and whether a previous waiver of speedy trial executed on the originally set bond amount could be vacated. The mailing address on the latest pleading filed by Petitioner reflects that it was mailed from a private residence rather than a place of detention.
Under R.C. 2725.01:
 "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is lawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint or deprivation."
Petitioner is presently not restrained of his liberty. As the record demonstrates that he was released from custody pursuant to a previous bond, he lacks standing to prosecute an action in habeas corpus.
As regards allegations of constitutional violation or improper placement of conditions on bond, such issues may be raised in the course of an ordinary appeal perfected after the conclusion of criminal proceedings.
We find merit in the Respondents' motion to dismiss and hereby sustain it. Petition for Writ of Habeas Corpus is dismissed. Costs taxed against Petitioner.
Final order. Clerk to notify the parties in accordance with Civ.R. 58.
 ___________________________________ JUDGE EDWARD A. COX
 ___________________________________ JUDGE GENE DONOFRIO
 ___________________________________ JUDGE CHERYL L. WAITE